**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>                 Plaintiff/Garnishor,       )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>SHARINE ANN TATE,                        )<br>                                                              )<br>                 Defendant,                       )<br>                                                              )<br>and                                                       )<br>                                                              )<br>AMROX, INC., and its successors or assigns, )<br>                                                              )<br>                 Garnishee.                         ) | Case No. CR-00-83-M |

**REPORT AND RECOMMENDATION**

The captioned matter has been referred to the undersigned Magistrate Judge for post-judgment garnishment proceedings consistent with 28 U.S.C. § 636(b)(3). For the reasons set out hereafter, the undersigned recommends that an order be entered directing the Garnishee as to the disposition of the judgment debtor's non-exempt interest in the garnished property. 28 U.S.C. § 3205(c)(7).

Although 28 U.S.C. § 636(b) does not expressly authorize a magistrate judge to consider post-trial motions, a district judge may assign additional duties to the magistrate judge that "are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3); <u>Colorado Building and Construction Trades Council v. B.B. Andersen Construction Co., Inc.</u>, 879 F.2d 809, 811 (10th Cir. 1989). However, a magistrate judge

exercising "additional duties" jurisdiction can only recommend an appropriate disposition of a post-judgment matter. See id.; United States v. Thompson, No. 07-5158, 2008 WL 2421724 (10th Cir. June 17, 2008)[1](holding magistrate judge lacked authority to issue order approving writ of execution).

On January 6, 2009, the United States filed an application for post-judgment writ of continuing garnishment directed to Garnishee/Amrox, Inc. The application reflects an amount due and owing by Defendant of $43,106.77. A Post-Judgment Continuing Writ of Garnishment was issued by the undersigned Magistrate Judge on January 13, 2009.

The United States has filed a certificate of service reflecting that (1) Defendant was served with a copy of the application, the Writ of Garnishment, and instructions advising Defendant of her opportunity to object to the answer of the Garnishee and to request a hearing, and (2) Garnishee was served with a copy of the Writ of Garnishment, accompanied by instructions advising Garnishee of the requirements for submitting an answer to the Writ. Garnishee has submitted an answer filed herein on February 12, 2009. Defendant has not filed an objection to the answer nor requested a hearing pursuant to 28 U.S.C. § 3205(c)(5).

In light of the Garnishee's Answer and Defendant's failure to file a timely objection or request for a hearing, the undersigned recommends the entry of an order directing the Garnishee as to the disposition of all non-exempt monies and property of Defendant withheld or obtained in the future under the continuing Writ of Garnishment. 28 U.S.C. § 3205(c)(7).

---

[1] Unpublished disposition cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that an order for disposition of garnished funds be entered in favor of the United States. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by March 30, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991). The Court Clerk is directed to send a copy of this Report and Recommendation to the Garnishee Amrox, Inc., the Defendant Sharine Ann Tate at her last known address of 1508 McGregor Drive, Midwest City, Oklahoma, 73110, and to the Plaintiff United States.

ENTERED this 10th day of March, 2009.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE